UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE RENEE BUDD, | No. 2:23-cv-2313 KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. HARRISSON, et al., | |
| Defendants. | |

     Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

     Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as

2

true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

<u>Plaintiff's Complaint</u>

Plaintiff is housed at the California Health Care Facility and alleges that defendants refused plaintiff emergency medical assistance/treatment.  Plaintiff alleges that on May 5, 2023, defendants Sgt. Harrisson and Correctional Officers S. Martinez and R. Guillermo were monitoring the pill administration window at the E-yard medical clinic.  Plaintiff approached the defendants and advised plaintiff was suffering from a skin infection on his ribcage, underarms and elbow, was in unbearable pain and needed emergency medical care.  Defendant Guillermo told plaintiff to ask plaintiff's housing officer to request the "medical code."  (ECF No. 1 at 3.)  Plaintiff repeated his medical need, and defendant Martinez joined in and refused plaintiff medical care.  Plaintiff, grimacing in pain, tried again, asking to just see a nurse.  Defendant Harrisson responded "go to your building and do your medical code.  We are not going to do it," and then adds, "maybe later."  (ECF No. 1 at 3.)

Plaintiff claims he suffered constant inflammation, puslike discharge, pain on the infected areas, and was unable to sleep.  He also suffered fear of the rash origin, embarrassment and emotional worry.  Plaintiff seeks money damages and full blood screening to determine infection origin.[1]

<u>Eighth Amendment Claim:  Medical Care</u>

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir.

---

[1] Plaintiff also purports to sue defendants "Et al."  (ECF No. 1 at 2.)  This is not an appropriate defendant, and is not construed as plaintiff's attempt to name a Doe defendant because plaintiff includes no charging allegations as to "Et al."  Further, the use of Doe defendants is problematic, see <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary.  Rule 15 of the Federal Rules of Civil Procedure, not state law "Doe" pleading practices, governs whether new defendants may be added and if so, whether the claims against them would relate back to the filing of the initial complaint.  <u>Id.</u>

2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  If the plaintiff contends medical care was delayed, plaintiff must show harm resulting from the delay.  Jett, 439 F.3d at 1096; see also Stewart v. Aranas, 32 F.4th 1192, 1195 (9th Cir. 2022) (requiring a prisoner to demonstrate that any alleged delay in medical care led to further injury).

Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835).  Thus, negligence allegations are insufficient.  The indifference to the prisoner's medical needs must be substantial -- negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation.  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).  In order to prevail on an Eighth Amendment claim which involves choices between alternative courses of treatment, a plaintiff must show that the chosen course of treatment "was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted).

Discussion

Here, plaintiff's allegations do not demonstrate that defendants were deliberately indifferent to plaintiff's serious medical needs.  Plaintiff alleges no facts demonstrating that each defendant, none of whom are medical professionals, knew yet disregarded an excessive risk to

plaintiff's health or safety.  Rather, defendants informed plaintiff how to go about obtaining medical care for his skin infection.  Plaintiff does not indicate whether he followed defendants' instructions and sought medical care through the proper procedures.  Plaintiff includes no allegations as to how long was the alleged delay in care, and whether any purported injury was the result of defendants directing him elsewhere or was the result of plaintiff failing to follow such directions.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v.

County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Motion for Appointment of Counsel

Plaintiff filed a motion for appointment of counsel, accompanied by a motion for extension of time to seek appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se considering the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Because plaintiff's motion for extension of time was unnecessary, his motion is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    5. Plaintiff's motion for the appointment of counsel (ECF No. 6) is denied without prejudice.

    6. Plaintiff's motion for extension of time (ECF No. 7) is denied.

Dated:  November 15, 2023

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE

/budd2313.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE RENEE BUDD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. HARRISSON, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-2313 KJN P<br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____　　　　　　　Amended Complaint

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff