UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE RENEE BUDD, | No. 2:23-cv-2313 KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. HARRISSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983. On November 15, 2023, the court dismissed plaintiff's complaint with leave to amend. On December 1, 2023, plaintiff filed an amended complaint.

The court reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable claim against defendants J. Harrison, S. Martinez, and R. Guillermo. See 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the amended complaint does not state cognizable claims under the Fourth or Fourteenth Amendments.

Plaintiff alleges that the actions and omissions of defendants also violated plaintiff's rights under the Fourth Amendment. (ECF No. 15 at 11.) However, plaintiff includes no facts demonstrating a violation of the Fourth Amendment. Plaintiff's allegations concerning the failure

////

1

of defendants to provide emergency medical care or failing to protect plaintiff arise under the Eighth Amendment, not the Fourth Amendment.

In addition to alleging cruel and unusual punishment, plaintiff alleges defendants' actions and omissions violated plaintiff's Fourteenth Amendment rights. However, such claim is subsumed by the Eighth Amendment and does not state a separate claim. See Albright v. Oliver, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing such a claim.") (internal quotes and citation omitted); Whitley v. Albers, 475 U.S. 312, 327(1986) (the Fourteenth Amendment affords a prisoner no greater protection than the Eighth Amendment).

Finally, plaintiff fails to allege facts supporting a discrimination claim under the Fourteenth Amendment. "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "To state a § 1983 claim for violation of the Equal Protection Clause 'a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)), or show that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008). "Intentional discrimination means that a defendant acted at least in part *because* of a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Here, the sole allegation supporting plaintiff's discrimination claim is that on November 10, 2023, a Caucasian or Hispanic inmate was allowed to go man-down on CHCF E yard near the medical center. However, plaintiff fails to show he is a member of a protected class, and also fails to show any defendant refused him medical care because of such protected class status. Plaintiff's allegations fail to demonstrate that plaintiff and the other inmate were similarly

situated; indeed, it is likely the other inmate suffered from a different medical condition than plaintiff.  Moreover, it is unclear whether the other inmate's medical condition constituted a legitimate state purpose for treating such inmate differently.  Thus, plaintiff fails to state an equal protection claim under the Fourteenth Amendment.  Based on the facts alleged in the amended complaint, it is unclear plaintiff can amend to state a cognizable equal protection claim.  But in an abundance of caution, plaintiff is granted leave to amend.

Plaintiff's Fourth and Fourteenth Amendment claims are dismissed with leave to amend.[1]

Plaintiff may proceed forthwith to serve defendants J. Harrison, S. Martinez, and R. Guillermo and pursue such claims against defendants, or he may delay serving any defendant and attempt again to address the above deficiencies.

If plaintiff elects to file a second amended complaint, he has thirty days so to do.  But he is not obligated to amend.

If plaintiff elects to proceed forthwith against defendants J. Harrison, S. Martinez, and R. Guillermo, against whom he stated potentially cognizable Eighth Amendment claims for relief, then within thirty days he must so elect on the appended form.  In this event the court will construe plaintiff's election as consent to dismissal of the Fourth and Fourteenth Amendment claims against defendants without prejudice and will order service of process on defendants.

Plaintiff is advised that any second amended complaint must clearly identify each defendant and the action that defendant took that violated constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the second amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any second amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It

---

[1] Further, it appears that plaintiff did not exhaust his administrative remedies as to his putative discrimination claim prior to filing the instant action.  A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  The 602 form appended to plaintiff's amended complaint is dated November 10, 2023, after the instant action was filed on October 12, 2023.

must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give plaintiff an opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

Any second amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files a second amended complaint, the original pleading is superseded.

////

////

Finally, plaintiff is <u>not</u> granted leave to add new claims or new defendants to this action. Rather, plaintiff is granted leave to amend solely as to claims arising from the May 7, 2023 incident.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Fourth and Fourteenth Amendment claims are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may file a second amended complaint to attempt to rectify the above deficiencies. Plaintiff is not obliged to amend his complaint.

2. The allegations in the pleading are sufficient at least to state potentially cognizable claims against defendants J. Harrison, S. Martinez, and R. Guillermo. <u>See</u> 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such Eighth Amendment claims, plaintiff shall so indicate on the attached form and return it to the court within thirty days from the date of this order. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective Fourth and Fourteenth Amendment claims without prejudice and will order service of the amended complaint on defendants.

3. Failure to comply with this order will result in a recommendation that the Fourth and Fourteenth Amendment claims be dismissed without prejudice, and this action will proceed solely on plaintiff's Eighth Amendment claims against defendants J. Harrison, S. Martinez, and R. Guillermo.

Dated: December 12, 2023

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/budd2313.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE RENEE BUDD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. HARRISSON, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-2313 KJN P<br><br><br>NOTICE OF ELECTION |

　　　　Plaintiff elects to proceed as follows:

_____    Plaintiff opts to proceed with his Eighth Amendment claims against defendants J. Harrison, S. Martinez, and R. Guillermo, and consents to dismissal of his Fourth and Fourteenth Amendment claims against defendants J. Harrison, S. Martinez, and R. Guillermo without prejudice.

**OR**

_____    Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Plaintiff