UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE RENEE BUDD,<br><br>  Plaintiff,<br><br>  v.<br><br>J. HARRISSON, et al.,<br><br>  Defendants. | No. 2:23-cv-2313 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983. On December 12, 2023, the undersigned found that plaintiff's amended complaint stated potentially cognizable Eighth Amendment claims against defendants J. Harrison, S. Martinez, and R. Guillermo, but did not state cognizable claims under the Fourth or Fourteenth Amendments. Plaintiff was granted thirty days to elect to proceed solely as to his Eighth Amendment claims or to file a second amended complaint and was cautioned that failure to do so would result in a recommendation that his Fourth and Fourteenth Amendment claims be dismissed. Thirty days have now passed, and plaintiff has not filed a notice of election or second amended complaint.

In his amended complaint, plaintiff alleges that the actions and omissions of defendants also violated plaintiff's rights under the Fourth Amendment. (ECF No. 15 at 11.) However, plaintiff includes no facts demonstrating a violation of the Fourth Amendment. Plaintiff's

allegations concerning the failure of defendants to provide emergency medical care or failing to protect plaintiff arise under the Eighth Amendment, not the Fourth Amendment.

In addition to alleging cruel and unusual punishment, plaintiff alleges defendants' actions and omissions violated plaintiff's Fourteenth Amendment rights. However, such claim is subsumed by the Eighth Amendment and does not state a separate claim. See Albright v. Oliver, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing such a claim.") (internal quotes and citation omitted); Whitley v. Albers, 475 U.S. 312, 327(1986) (the Fourteenth Amendment affords a prisoner no greater protection than the Eighth Amendment).

Finally, plaintiff fails to allege facts supporting a discrimination claim under the Fourteenth Amendment. "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "To state a § 1983 claim for violation of the Equal Protection Clause 'a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)), or show that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008). "Intentional discrimination means that a defendant acted at least in part *because* of a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Here, the sole allegation supporting plaintiff's discrimination claim is that on November 10, 2023, a Caucasian or Hispanic inmate was allowed to go man-down on CHCF E yard near the medical center. However, plaintiff fails to show he is a member of a protected class, and also fails to show any defendant refused him medical care because of such protected class status. Plaintiff's allegations fail to demonstrate that plaintiff and the other inmate were similarly

situated; indeed, it is likely the other inmate suffered from a different medical condition than plaintiff. Moreover, it is unclear whether the other inmate's medical condition constituted a legitimate state purpose for treating such inmate differently. Thus, plaintiff fails to state an equal protection claim under the Fourteenth Amendment. Plaintiff was granted an opportunity to amend to include additional facts but failed to do so.

Therefore, plaintiff's Fourth and Fourteenth Amendment claims should be dismissed, and this action should proceed solely as to plaintiff's Eighth Amendment claims against defendants J. Harrison, S. Martinez, and R. Guillermo.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that plaintiff's Fourth and Fourteenth Amendment claims be dismissed, and this action proceed solely on plaintiff's Eighth Amendment claims against defendants J. Harrison, S. Martinez, and R. Guillermo.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 1, 2024

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/budd2313.56