UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE RENEE BUDD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. HARRISON, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-2313 KJM CSK P<br><br>FINDINGS & RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. On October 25, 2024, defendants filed a motion to dismiss. Local Rule 230(l) governs briefing in prisoner actions.

　　　　On December 3, 2024, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days. In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion would be deemed as consent to have the: (a) pending motion granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order. (ECF No. 37.) Plaintiff was also informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Id. at 1.)

　　　　The thirty day period expired, and plaintiff did not respond to the Court's order.

1

  "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

  Here, in determining to recommend that this action be dismissed, the Court considered the five factors set forth above. The first two factors strongly support dismissal of this action. The action has been pending for over 15 months and defendants have filed a motion to dismiss this action, alleging that plaintiff's first amended complaint fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 35.) Plaintiff's failure to comply with the Local Rules and the Court's December 3, 2024 order providing additional time for plaintiff to file a response to the motion to dismiss suggests that he abandoned this action and that further time spent by the Court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

  Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, is neutral. While plaintiff's failure to oppose the motion could delay resolution of this action, and a presumption of injury arises from the unreasonable delay in prosecuting an action, Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976), plaintiff was also warned that the failure to oppose the motion could result in granting the motion and dismissal of the action, which would not prejudice defendants.

1    The fourth factor, public policy favoring disposition of cases on their merits, weighs
2 against dismissal of this action as a sanction.
3    The fifth factor favors dismissal.  The Court advised plaintiff of the requirements under
4 the Local Rules and granted ample additional time to oppose the pending motion, all to no avail.
5 The Court finds no suitable alternative to dismissal of this action.
6    Therefore, for the reasons set forth above, the first, second, and fifth factors strongly
7 support dismissal, and the third factor is neutral.  Under the circumstances of this case, those
8 factors outweigh the general public policy favoring disposition of cases on their merits.
9    Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without
10 prejudice based on plaintiff's failure to prosecute.
11    These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
13 after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
16 objections shall be filed and served within fourteen days after service of the objections.  The
17 parties are advised that failure to file objections within the specified time may waive the right to
18 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 22, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/budd2313.nopFR.csk

3